-FILED-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NOV 09 2012

ROBERT N. TRGOVICH Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BENJAMIN M. KNIPP, )
)
Plaintiff, )
) Case No.
v. )
) Trial By Jury Demanded
CSX TRANSPORTATION, INC., )
a corporation, )
)     2 12 CV 465
Defendant. )

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, BENJAMIN M. KNIPP, through his Attorneys, Robert B. Thompson and Robert E. Harrington III of Harrington, Thompson, Acker, & Harrington, Ltd., complaining of the Defendant, CSX Transportation, Inc., a corporation, hereinafter CSXT, states:

1. Jurisdiction of this Court is involved under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The Defendant, CSXT, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Indiana and is subject to service of process and to the jurisdiction of this Court.

3. At the time of the accident and injury alleged herein, Plaintiff was employed by Defendant as a conductor and his duties as such were in furtherance of interstate commerce for Defendant.

4. At the time of the accident and injury alleged herein, both Plaintiff and

1

Defendants were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

5. On or about January 6, 2012, Plaintiff was injured while working for Defendant at or near Valparaiso, Porter County, Indiana.

6. At the time and place aforesaid, Plaintiff was working as a conductor on a freight train which was stopped on Defendant's mainline track awaiting further instruction.

7. At the time and place aforesaid, as Plaintiff was positioned in the locomotive cab of the lead engine of said train, suddenly and without warning, Plaintiff's train was struck in the rear by another train being operated by a CSXT crew.

8. At the time and place aforesaid, the force of the impact caused by said collision forced Plaintiff out of his engine seat and caused him to sustain injuries.

9. At the time and place alleged, the train operations, the train movement, the person or persons supervising, mounting, directing and controlling train movement and all of the devices and facilities involved in the train movements were under the management, supervision, direction and control of, and in the exclusive possession of Defendant.

10. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of Defendant's business.

11. At the time and place aforesaid it was Defendant's duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work; to exercise ordinary care to use reasonably safe methods in its train operations; to safely monitor the movements of trains; to maintain and service its locomotive and train braking systems; to stop the movement of trains when collisions were imminent; to have warned Plaintiff so as to avert injury; and it was its absolute duty to comply with the Federal Safety Appliance Act,

2

49 U.S.C. §20301 et seq., the Federal Locomotive Inspection Act 49 U.S.C. §20701 et seq., and the applicable provisions of the Code of Federal Regulations.

12. Notwithstanding its forementioned duties, Defendant was careless, negligent and unlawful in on or more of the following particulars and thereby caused in whole or in part injuries to Plaintiff:

- a) In that at said time and place the trains, the persons operating the trains and controlling and directing movement of said trains, the locomotive braking system, the signal system, and all of the appliances, equipment, appurtenances and devices involved in the operation of the trains, being under the control, management of and in the exclusive possession of Defendant, were so operated, controlled and managed that a collision of trains occurred causing injury to Plaintiff and accidents of the nature described herein do not occur in the ordinary course of events if Defendant had used ordinary care; such that, from the circumstances alleged herein, an influence of negligence under the doctrine of res ipsa loquitur arises;

Or in the alternative:

- b) In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

- c) In failing to exercise ordinary care to use reasonably safe methods in its train operations;

- d) In failing to supervise and monitor the movement of trains when it knew or should have known and foreseen that a collision of trains would occur and subject Plaintiff to jeopardy of injury;

- e) In failing to maintain and service the locomotive braking system when it knew or should have known and foreseen that failure and inadequacy of the locomotive braking system will cause a collision of trains and subject Plaintiff to jeopardy of injury;

- f) In failing to maintain and service its signal system when it knew or should have known and foreseen that failure and inadequacy of the signal system would cause a collision of trains and subject Plaintiff to jeopardy of injury;

- g) In failing to stop the movement of its train when a collision was imminent, when it knew or should have know and foreseen that a collision of trains would subject Plaintiff to jeopardy of injury;

3

h) In failing to warn Plaintiff when timely warning would have averted injury to him;

i) In failing to comply with and violating the Federal Safety Appliance Act, 49 U.S.C. §20301 et seq.;

j) In failing to comply with and in violating the Locomotive Inspection Act, 49 U.S.C. §20701 et seq.;

k) In failing to comply with and in violating 49 C.F.R. §240.305;

l) In failing to comply with and in violating 49 C.F.R. §236.22;

m) In failing to comply with and in violating 49 C.F.R. §236.23;

n) In failing to comply with and in violating 49 C.F.R. Part 236 - Rules, Standards, and Instructions Governing the Installation, Inspection, Maintenance and Repair of Signal and Train Control Systems, Devices and Appliances; and

o) In failing to comply with other applicable provisions of the Code of Federal Regulations.

13. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant.

WHEREFORE, plaintiff BENJAMIN M. KNIPP prays for judgment of damages against defendant CSX TRANSPORTATION, INC. in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

*Robert B. Thompson*

Robert B. Thompson
Robert E. Harrington III (No. 24616-45)
Attorneys for Plaintiff

4

Harrington, Thompson, Acker & Harrington, Ltd.
180 N. Wacker Drive, Suite 300
Chicago, IL 60606
(312) 332-8811
(312) 332-2027 (fax)
htah@harringtonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

NOV 09 2012

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BENJAMIN M. KNIPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Trial By Jury Demanded |
| CSX TRANSPORTATION, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

## JURY DEMAND

The Plaintiff, by his attorneys, Harrington, Thompson, Acker & Harrington, Ltd., hereby demand trial by jury.

Respectfully submitted,

*Robert B. Thompson* (signature)

Robert B. Thompson
Robert E. Harrington III (No. 24616-45)
Attorneys for Plaintiff

Harrington, Thompson, Acker & Harrington, Ltd.
180 N. Wacker Drive, Suite 300
Chicago, IL 60606
(312) 332-8811
(312) 332-2027 (fax)
htah@harringtonlaw.com