IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BENJAMIN M. KNIPP, )
                                       )
         Plaintiff, )
                                       )      Case No. 2:12-cv-00465-RLM-APR
       v. )
                                       )
CSX TRANSPORTATION, INC., )
                                       )
_____/

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

NOW COMES Plaintiff, Benjamin M. Knipp, by his attorneys Harrington, Thompson, Acker & Harrington, Ltd., and submits the following objections to Defendant's proposed exhibits.

**M.**      **Medical records from John Mohrman, M.D.**

Objection. Plaintiff objects to any medical records which are not related to Plaintiff's back and neck injuries. (See Plaintiff's Motion in Limine). Said evidence is not relevant as defined by FRE 401 and should be barred pursuant to FRE 402 and 403.

**S.**      **Compilation of medical records post-accident (Exhibit 5 to Plaintiff's Deposition)**

Plaintiff objects to this exhibit on the grounds that it is cumulative of the other medical records which are being introduced into evidence by the parties.

**T.**      **Compilation of medical records pre-accident (Exhibit 6 to Plaintiff's Deposition)**

Plaintiff objects to this exhibit on the grounds that it is cumulative of the other medical records which are being introduced into evidence by the parties.

**AA.**      **23 second video of a low-speed, rear-collision impact, which CSXT may use for demonstrative purposes at the trial**

Objection.  Plaintiff objects to this video which demonstrates a low speed automobile rear collision impact.  There is absolutely no correlation between the collision depicted in the video and the alleged occurrence.  There is no adequate foundation to allow this exhibit into evidence.  Said video is not relevant as defined by FRE 401 and should be barred pursuant to FRE 402 and 403.

**BB      A computer-generated animation, which CSXT may use for demonstrative purposes at the trial of this matter to aid testimony regarding the length of the train**

Objection.  Plaintiff objects to this video on the basis that it is cumulative of other evidence which will be offered at trial.  It is undisputed that the length of the train Plaintiff was positioned on was 4704 feet or the equivalent of 13 football fields.  It is also undisputed that the collision involving Plaintiff's train occurred at the rear of the train and that Plaintiff was located on the engine at the front of the train.  The proposed exhibit is being offered to unduly prejudice Plaintiff's case and will not assist the jury in evaluating the evidence with respect to the impact which Plaintiff encountered at the time of the alleged occurrence.  Pursuant to FRE 402 and 403 this evidence should be barred.

Respectfully submitted,

/s/Robert B. Thompson
Robert B. Thompson
Laurence C. Acker
Robert E. Harrington, III (No. 24616-45)
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 332-8811
(312) 332-2027 (fax)
htah@harringtonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 13, 2014** a copy of the foregoing:

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Respectfully submitted,
>
>/s/Robert B. Thompson
>Robert B. Thompson

Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 332-8811
(312)332-2027 (fax)
htah@harringtonlaw.com