**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| BENJAMIN M. KNIPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:12-cv-00465-RLM-APR |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE* TWO (2) THROUGH FOR (4)**

NOW COMES the Plaintiff, BENJAMIN M. KNIPP, by his attorneys, HARRINGTON, THOMPSON, ACKER, & HARRINGTON, LTD., and respectfully requests that this Court enter an Order prohibiting defense counsel, and all witnesses called by the defense, from attempting to introduce into evidence, or otherwise convey to the jury, any of the following: 2) Discipline Assessed By CSX Transportation, Inc. Against Plaintiff; 3) Unrelated Injuries Or Medical Conditions Of The Plaintiff; and 4) Railroad Retirement Board Benefits Paid To The Plaintiff.  Memorandum in support of each motion is attached.

**AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**

**2.  Discipline Assessed By Defendant Against Plaintiff During His Railroad Career**

The law is well-established in FELA cases that evidence of any employee discipline assessed by the Defendant railroad against the Plaintiff prior to or following the date of the occurrence in question is irrelevant, self-serving and unduly prejudicial.  Clark v. Seaboard Coast Line R.R., 332 F. Supp. 380 (1970); Holmes v. Elgin, Joliet & Eastern Ry. Co., 815 F. Supp 279, 283 (N.D. Ind. 1992); Chapman v. South Buffalo Ry. Co., 43 F.Supp.2d 312,

317 (W.D. N.Y. 1999); Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557 (1987); Kulavic v. Chicago & Illinois Midland Railway Co., 1 F.3d 507 (1993)

In the instant case, the Plaintiff may have been disciplined for various rules infractions by the Defendant railroad at different times during his lengthy career as a conductor with the defendant railroad both prior and subsequent to the January 6, 2012 occurrence. As noted in Clark, Holmes, Chapman and Kulavic, supra., any reference by the Defendant to any of these disciplinary proceedings would by irrelevant, self-serving and unduly prejudicial. Further, the probative value of any reference to the disciplinary charges would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403.

### 3. Unrelated Injuries Or Medical Conditions Of The Plaintiff

Evidence of prior or subsequent injuries and medical conditions of the Plaintiff, unrelated to the injury in question by competent medical testimony, are irrelevant and immaterial. Any reference to unrelated injuries or medical conditions only serves to confuse the jury and unduly prejudice the Plaintiff and therefore should be excluded from evidence. Pellegrine v. Chicago Great W. R.R. Co., 319 F.2d 447 (7th Cir. 1963); Richardson v. Missouri Pac. R.R., 186 F.3d 1273 (1999); see also, Fed. R. Evid. 401-403. Specifically, Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Discovery has revealed that over the years Plaintiff has been treated for various health problems including the following: (a) mild thoracic scoliosis in 1988, (b) severe right ankle sprain in 1997, (c) broken rib in 1993, (d) left knee sprain in 1999, (e) thoracic spine

2

sprain, secondary to auto accident in 2000, (f) tennis elbow of the right elbow in 2004, and (d) low back strain in 2007.  Discovery has not disclosed any medical opinions which suggest that Plaintiff's current neck and back injury is causally related to any of these other medical conditions.  Plaintiff is claiming a 3 month disability as a result of the neck and back injuries he sustained in the alleged occurrence.  Plaintiff has testified that he has recovered from these injuries.

Accordingly, absent any medical testimony connecting a prior medical condition to the injuries alleged herein, any reference to those prior conditions should be barred. Further, because the probative value of any reference to these unrelated injuries or conditions would be outweighed by the danger of unfair prejudice and confusion of the actual damage issues the jury will be required to decide, any reference to these irrelevant medical conditions should be excluded pursuant to Fed R. Evid. 403.

### 4. Railroad Retirement Board Benefits Paid To Plaintiff

In an action under the Federal Employer's Liability Act, any reference by the Defendant to benefits paid by the Railroad Retirement Board (including all sickness benefits, pension benefits, disability benefits, annuity payments, and insurance or medical benefits), unless specifically introduced by the Plaintiff as a means of mitigating his damages, are irrelevant and must be excluded from evidence.  Eichel v. New York Cent. R.R., 375 U.S. 253 (1963); Tipton v. Socony Mobil Oil Co., 375 U.S. 34 (1963); Sheehy v. Southern Pac. Transp. Co., 631 F.2d 649 (9th Cir.1980);  Caughman v. Washington Terminal Company, 345 F.2d 434 (D.C. Cir. 1964).

The purpose for which evidence of collateral benefits is sought to be introduced does not alter the inadmissibility of such evidence.  Vanskike v. ACF Industries, 665 F.2d

188 (8th Cir. 1981) (evidence of disability payments is not admissible in a FELA action to show malingering and cross-examination regarding the termination of social security benefits was not admissible to show the "real reason" for the Plaintiff's depression and resulting therapy with a psychologist); Raycraft v. Delugh, Missabe & Iron Range Railway, 472 F.2d 27 (8th Cir. 1973) (evidence of Plaintiff's receipt of veterans administration was not admissible for impeachment purposes.

In another FELA case, Finley v. National R.R. Passenger Corp., 1 F. Supp.2d 440 (E.D. Pa. 1998), the trial court declared a mistrial when counsel for the railroad advised the jury that the Plaintiff was claiming a disability so that he could receive his occupational disability pension from the Railroad Retirement Board. In so ruling, the Court stated:

> The dictates of Eichel and its progeny are clear. Under the facts of this case, the Court is not permitted to balance the prejudicial effect against the probative value of the evidence pursuant to Federal Rule of Evidence 403; evidence of Plaintiff's receipt of pension benefits is prejudicial benefits is prejudicial as a matter of law . . . I conclude that the opening statement of Amtrak made it highly likely and thus more than reasonably probable that the verdict would be influenced by the prejudicial statements.

Id. at 443-44.

For the reasons stated above, Plaintiff respectfully requests that this Court enter an Order prohibiting defense counsel from either questioning Plaintiff or admitting any other evidence concerning the amount of Sickness Benefits Plaintiff initially received from the Railroad Retirement Board during the time of his disability because of his right knee injury.

## **CONCLUSION**

WHEREFORE, the Plaintiff respectfully moves this Honorable Court for an order in limine, prohibiting defense counsel, and all witnesses called by the defense, from attempting to introduce into evidence, or otherwise convey to the jury, by any direct or

4

indirect mention whatsoever, including opening statement and closing argument, any of the matters set forth in Plaintiff's Motions in Limine Two (2) through Four (4) without first obtaining permission of the Court outside the presence and hearing of the jury.

                              Respectfully submitted,

By:        /s/Robert B. Thompson
           Robert B. Thompson
           Laurence C. Acker
           Robert E. Harrington, III (No. 24616-45)
           HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
           180 North Wacker Drive, Suite 300
           Chicago, Illinois 60606
           Tel:   (312) 332-8811
           Fx:   (312) 332-2027
           E-mail:   htah@harringtonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on ***August 19, 2014*** a copy of the foregoing:

**PLAINTIFF'S MOTIONS IN LIMINE TWO (2) THROUGH FOUR (4)**

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                Respectfully submitted,

                /s/ Robert B. Thompson
                Robert B. Thompson

HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
180 North Wacker Drive, Suite 300
Chicago, Illinois 60606
Tel:   (312) 332-8811
Fx:   (312) 332-2027
E-mail:   htah@harringtonlaw.com