UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENJAMIN M. KNIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:12-CV-465-RLM |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

PRE-TRIAL ORDER

The attorneys for the parties to this action appeared in person before the United States District Judge at South Bend, Indiana at 1:15 p.m. on January 7, 2015 for a final pre-trial conference.

Plaintiff was represented by Robert Harrington of the firm Harrington, Thompson, Acker & Harrington. Defendant was represented by Sarah N. Snoeberger of the firm Stuart & Branigin.

Thereupon, the following proceedings were had and the following engagements and undertakings arrived at:

A. The parties agreed that this Court has proper jurisdiction under the Federal Employers' Liability Act (FELA), 45 U.S.C. sec. 51 *et seq.*, claim pursuant to Title 45 U.S. Code sec. 56 and Title 28 U.S.C. sec. 1331.

B. The case is at issue on Plaintiff's Complaint and the Defendant's Answers and Affirmative Defenses.

C. Motions in Limine are to be filed at least 5 business days before the final pretrial conference Case 2:12-CV-465-RLM Doc.[18] filed 10/15/13 p. 4.

D. **Plaintiff's Contentions:**

1. **Plaintiff Benjamin Knipp's FELA Contentions versus CSX Transportation, Inc.**

    1. This cause of action arises out of a freight train collision and subsequent personal injury to the Plaintiff Benjamin Knipp on January 6, 2012 while he worked for Defendant as a freight conductor at or near Westville, Porter County, Indiana.

    2. On January 6, 2012, Plaintiff was working as a conductor on a freight train K68303 and was seated in the locomotive cab of the lead engine of said train which was stopped on Defendant's main line track awaiting further instruction to proceed in a westerly direction.

    3. On January 6, 2012, suddenly and without warning, Plaintiff's train was struck in the rear by another train being operated by another CSX Transportation, Inc. crew.

    4. At the time and place aforesaid, the force of the impact caused by said collision caused Plaintiff to sustain injury.

5. The parties have stipulated that the crew of westbound CSX Transportation, Inc. freight train Q39506 was negligent; the crew's negligence caused the collision with the rear of standing westbound CSXT freight train K 68303 on January 6, 2012; and the negligence of the crew of CSXT train Q 39506 is imputed to CSX Transportation, Inc. under the doctrine of *respondent superior.*

6. At the time and place alleged in the Complaint at law, Plaintiff was employed by Defendant as a conductor, and his duties were in furtherance of interstate commerce for Defendant. At said time, both Plaintiff and Defendant were subject to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. § <u>et seq</u>. and amendments thereto.

7. The Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of Defendant's business and it was Defendant's duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

8. The Plaintiff sustained serious injury, disability, pain and suffering, wage loss, and other damages, supported

by the evidence and permitted by law resulting, in whole or in part, from the negligent acts and omissions of Defendant.

2. **Injuries Sustained by the Plaintiff Benjamin Knipp**

   1. As a result of the alleged occurrence, Plaintiff sustained an injury to his neck and back. Plaintiff has been diagnosed to have sustained an acute paraspinal strain, a thoracic and cervical strain, and cervical pain.

   2. The injuries which Plaintiff sustained to his neck and back as a result of the alleged occurrence have caused physical pain and suffering.

   3. The injuries sustained by the Plaintiff as a result of the alleged occurrence have caused past disability and loss of a normal life.

   4. Plaintiff was disabled from work from the date of injury, January 6, 2012 until April 21, 2012.

3. **The Economic Loss of Benjamin M. Knipp**

   1. The Plaintiff's earning history is depicted in his 2011 W-2 form from, CSX Transportation, Inc. and his tax returns.

   2. Plaintiff was absent from work from January 7, 2012 until April 21, 2012. Based on his 2011 earnings,

   Plaintiff lost $17,020.64 as a result of the days he missed from work. In addition, Plaintiff lost $981.96 in vacation pay as a result of his period of disability for a total loss of $18,002.60. Using the Mr. Knipp's federal and state income tax returns from 2011, his total tax liability was 15.66% for that year, thus Plaintiff's after tax loss for his period of disability in this case equals $15,183.39.

E. **Defendant's Contentions:** CSX contends that Mr. Knipp was not injured in the accident at issue and that the days he took off from work following the accident were not the result of any injury.

F. **The following facts are established by admissions in the pleadings or by stipulation of counsel:**

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56 and Title 28 U.S. Code sec. 1331.

2. At all times herein, the Defendant, CSX Transportation, Inc. was and is a railroad corporation doing business in the State of Indiana, and a common carrier by railroad engaged in interstate commerce.

3. On January 6, 2012, the Plaintiff, a Conductor for CSX Transportation, Inc., in the course of his employment, was on board CSXT K683-03. His train was 4,704 feet long.

4. Plaintiff's train was stopped near Westville, IN, waiting for another train to go around it on the adjacent track, when the rear of his train was hit by another CSXT train, causing the last 7 cars of Plaintiff's train to derail.

5. CSXT stipulations that the crew of the westbound CSXT freight train Q395-06 was negligent; the crew's negligence caused the collision with the rear of standing CSXT freight train K683-03 on January 6, 2012; and the negligence of the crew of the CSXT train Q395-06 is imputed to CSXT under the doctrine of *respondeat superior*.

6. Plaintiff retains the burden of proving that the collision on January 6, 2012 caused him injury, and if it did, the extent of that injury.

7. Plaintiff's right, if any, to recover in this case against CSX Transportation is governed by the provisions of the Federal Employers' Liability Act.

8. The parties stipulate to the authenticity of all medical records pertaining to Plaintiff that have been listed in the parties respective exhibit lists and they do not need to call witnesses to authenticate said records.

G. **The contested issues of fact are:**

1. Whether Plaintiff was injured in this accident, and if so, the extent of his injuries.

H. **A contested issue of law not implicit in the foregoing use of fact will be:**

1. None.

I. **Exhibits:**

1. **Plaintiff's Exhibits**.  In addition to the exhibits listed by Defendant, Plaintiff may offer into evidence the following:

   1. Plaintiff's PI-1A Report dated January 10, 2012;
   2. Plaintiff's written statement dated January 10, 2012;
   3. Written statement of Chance Kelham;
   4. PI-1A of Chance Kelham dated January 10, 2012;
   5. Photographs of the engine Plaintiff occupied at the time of the alleged occurrence;
   6. Photographs of the location of the alleged occurrence;
   7. Photographs of the train collision involved in the alleged occurrence;
   8. Plaintiff's wage records with CSX;
   9. Plaintiff's tax returns;
   10. Life expectancy tables produced by the U.S. Census Bureau;
   11. CSX job description of Plaintiff's craft;

12. Demonstrative evidence – photograph of a railroad switch stand;

13. Demonstrative evidence – photograph of a brake platform;

14. Demonstrative evidence – photograph of a coupler mechanism;

15. Demonstrative evidence – photograph of a hopper car;

16. Medical records of Dekalb Memorial Hospital Emergency Room dated January 10, 2012;

17. Medical reports from the Imaging Center;

18. Medical records from Indiana Physical Therapy;

19. Lutheran Hospital Cervical MRI report dated February 8, 2012;

20. Curriculum vitae of Dr. John S. Mohrman;

21. Medical records of John S. Mohrman concerning the alleged occurrence;

22. Curriculum vitae of Dr. James Nill;

23. Medical records of Dr. James Nill;

24. Curriculum vitae of Dr. Mark V. Reecer;

25. Medical records of Dr. Mark V. Reecer;

26. Necessary rebuttal exhibits.

2. **Defendant's Exhibits**.  In addition to the exhibits listed by Plaintiff, the Defendant may offer into evidence the following:

   A. Employee's Incident Report Form PI-1A;

   B. Plaintiff's handwritten statement;

   C. Dispatcher's recording;

   D. Portage Standard Track Chart;

   E. Data Table from K68303 train;

   F. Consist for train K68303;

   G. Complete Train Sheet Report for K68303;

   H. Work Order for train K68303;

   I. Event Log Form for train K68303;

   J. Medical records from Dekalb Memorial Hospital;

   K. Medical records from Fort Wayne Physical Medicine;

   L. Medical records from Indiana Physical Therapy;

   M. Medical records from John Mohrman, M.D.;

   N. Medical records from Lutheran Hospital;

   O. Video from K68303 train;

   P. Medical records from Nill Family Chiropractor;

   Q. Medical records from Parkview Whitely Hospital;

   R. Medical records from The Imaging Center;

   S. Compilation of medical records post-accident (Exhibit 5 to Plaintiff's deposition);

  T.  Compilation of medical records pre-accident (Exhibit 6 to Plaintiff's deposition)

  U.  Plaintiff's Answers to Interrogatories propounded by CSXT (Exhibit 4 to Plaintiff's deposition);

  V.  Written Statement from Chance Kelham;

  W.  PI-1A from Chance Kelham;

  X.  Photos numbered 1 through 33 taken by Kevin Vosburgh on 19-JAN-2012;

  Y.  Photos numbered 34 through 58 taken by Kevin Vosburgh on 7-FEB-2012;

  Z.  56-second video shot by Kevin Vosburgh on 19-JAN-2012;

  AA.  23-second video of a low-speed, rear-collision impact, which CSXT may use for demonstrative purposes at the trial of this matter;

  BB.  A computer-generated animation, which CSXT may use for demonstrative purposes at the trial of this matter to aid testimony regarding the length of Plaintiff's train;

  CC.  CSXT reserves the right to add any additional exhibits for purposes of impeachment or rebuttal.

J. **Witnesses**:

 1. Plaintiff's witnesses may include any or all of the following:

  a.  Benjamin Knipp;

  b.  Sarah Knipp;

  c.  Chance Kelham;

-10-

      d.     Dr. James Nill;

2. Defendant's witnesses may include any or all of the following:

      a.     Kevin Vosburgh;

      b.     Anastasios Tsoumanis, Ph.D;

      c.     Russell Schanlaub;

      d.     Michael Alamprese; and

      e.     Dennis Biegel;

      f.     Defendant reserves the right to call any of the witnesses listed on Plaintiff's witness list or in his disclosures, and anyone necessary for impeachment or rebuttal.

3. In the event there are other witnesses to be called at the trial, their names and addresses and the general subject matter of their testimony will be reported to opposing counsel, with copy to the Court, at least ten (10) days prior to trial. Such witnesses may be called at trial only upon leave of Court. This restriction shall not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

K. Proposed jury instructions shall be submitted in accordance with the Court's Referral and Scheduling Order Doc. [18] entered October 15, 2013.

L. No amendments to the pleadings are anticipated.

M. Trial briefs shall be filed with the Court in accordance with the Court's Referral and Scheduling Order Doc. [18] entered October 15, 2013.

N. No additional matters pertinent to the trial will be considered.

O. This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared.  Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court or by order of the Court to prevent manifest injustice.  The pleadings will be deemed merged herein.

P. The parties have discussed settlement, but have been unable to reach agreement.

Q. The probable length of the trial is three days.  The case is set for trial before a jury on February 3, 2015 at 9:30 a.m.

SO ORDERED.

ENTERED: <u>January 7, 2015</u>

<u>        /s/ Robert L. Miller, Jr.        </u>
Judge
United States District Court

APPROVED:
Robert Harrington, III,
Attorney for Plaintiff

APPROVED:
Sarah N. Snoeberger,
Attorney for Defendant